UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mauricio M., | File No. 26-cv-1308 (ECT/JFD) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Taylor Jon Volkman, I, Minneapolis, MN, for Petitioner Mauricio M.

Denisha Devette Daughtry, DOJ-Civ, Washington, DC, and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Mauricio M. is a Mexican citizen who has lived in the United States since approximately 2010. Pet. [ECF No. 1] ¶¶ 1, 14. The details of Mauricio's entry into the United States have not been provided. *See* Pet. According to the Petition, Mauricio "is not [the] subject of a final order of removal." *Id.* ¶ 14. On February 10, 2026, Immigration and Customs Enforcement ("ICE") agents detained Mauricio in his Burnsville, Minnesota neighborhood. *Id.* ¶¶ 1, 9. Mauricio alleges that he "was not shown nor provided a warrant." *Id.* ¶ 1. At the time of the Petition's filing, Mauricio was "believed to be detained in Minnesota," *id.* ¶ 2, but Respondents' answer states that Mauricio "had already [been]

transported to the El Paso Service Processing Center – Camp East," ECF No. 6 at 1, prior to the Court's order enjoining his transfer outside of this District, *see* ECF No. 3 at 2.[1]

Mauricio challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 4. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 30–32; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Mauricio, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 33–49. Mauricio seeks issuance of a writ of habeas corpus requiring his release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); that be released in Minnesota without release conditions, but with conditions to ensure his safety, including advance notice to counsel and return of his personal effects; that Respondents be enjoined from detaining him again "on any legal theory rejected by the Court in adjudicating this Petition"; issuance of an order enjoining his transfer outside of the District of Minnesota during the pendency of his Petition; that the Court retain jurisdiction over the matter to decide a future motion for an award of attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 15–16.

---

[1]   Aside from Mauricio's present location, the existence of a warrant is the only disputed fact in Mauricio's Petition, as Respondents attached a copy of a warrant to their answer. *See* ECF No. 6 at 1; ECF No. 6-1. That warrant is discussed *infra*.

Respondents assert that Mauricio is subject to mandatory detention under § 1225(b)(2)(A). ECF No. 6 at 1. Recognizing that Mauricio's Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents rely on their arguments in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 6 at 2. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Mauricio has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025

---

[2]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Mauricio's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Mauricio has lived in the United States for approximately fifteen years, Pet. ¶ 1, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained."  8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025

---

[3]   Respondents do not argue that Mauricio is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Mauricio's detention.  *See* ECF No. 6.

WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).

Respondents have attached a purported warrant for Mauricio's arrest to their answer, but the attached warrant raises several concerns. Respondents did not file a declaration authenticating or describing the attached warrant—it was merely attached to Respondents' answer. *See* ECF Nos. 6, 6-1. The attached warrant is dated September 10, 2026—twice. *See* ECF No. 6-1 at 1. And Respondents make no legal argument about the attached warrant's legal effects. On these facts, the unauthenticated warrant is insufficient to satisfy what I understand to be the requirements of § 1226(a). Respondents have not advanced any other argument that Mauricio's release is an unwarranted remedy.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga*

5

*Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Mauricio M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 15, 2026, at 9:45 a.m.         s/ Eric C. Tostrud
                                                Eric C. Tostrud
                                                United States District Court

---

[4] The resolution of this statutory-interpretation question in Mauricio's favor makes it unnecessary to address the Petition's remaining grounds.